UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              Case No. 14-cr-20279

v.                                             Honorable Thomas L. Ludington

JAMES EDWARD THOMAS, II,

        Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS**

Defendant James Thomas II was indicted on May 14, 2014 on one count of possession with intent to distribute under 21 U.S.C. § 841(a)(1). ECF No. 9. On July 18, 2014, Thomas moved to suppress the thirty-five (35) grams of heroin found during a search of his person at the time of his arrest. ECF No. 16.

**I.**

Thomas was arrested on April 15, 2014 on an "outstanding felony arrest warrant for the delivery/manufacture of marijuana issued by the 70th District Court of the State of Michigan" as he exited an Indian Trails bus in Saginaw Michigan. ECF No. 1, Compl. at ¶4. Thomas has two prosthetic legs. Officers began a search of Thomas at the scene of his arrest during which they intended to search both of Thomas' legs. Realizing, however, that searching Thomas' legs would require having Thomas disrobe the officers halted the search and took him to the Saginaw Police Department. *Id*. at ¶5. Thomas was searched when he was taken into custody. *Id*.

Once at the station, officers began the search and informed Thomas that his prostheses would also be searched. Thomas removed the legs himself. ECF No. 20, Gov. Resp. Br. at 2.

Thomas "warned officers that [his left prosthesis] was cracked and that they needed to be careful." *Id*. Upon inspection the officers saw that the prosthesis was cracked in a manner that permitted access into the interior cavity of the leg. *Id*. The officers removed tape that was covering the crack, gained access to the cavity, and found approximately thirty-five (35) grams of heroin inside the left prosthesis. *Id*. at 2-3; ECF No. 1, Compl. at ¶5.

Thomas alleges that there was an x-ray machine available at the Saginaw County Courthouse and that the legs were only x-rayed after they had been opened by officers at the Saginaw County Jail. ECF No. 16, Def. Mot. Br. at 2. He also explains that by opening his leg the officers damaged the prosthetic's exterior and that the leg remains damaged. *Id*. Thomas claims that the failure to first x-ray his prosthetic legs before physically opening them and causing them permanent damage violated the Fourth Amendment and requires the suppression of the heroin found in his left prosthetic leg. *Id*.

## II.

Thomas argues that the search of his prosthetic leg violates the constitutional protections of the Fourth Amendment that prohibit unreasonable and warrantless searches and seizures. Generally, searches must be conducted pursuant to probable cause and a warrant which specifies the person or place to be searched. *See*, *e.g.*, *United States v. Ventresca*, 380 U.S. 102 (1965); *Stanford v. State of Texas*, 379 U.S. 476 (1965). Over time, the Supreme Court has identified exceptions to the warrant requirement. These situations are excused from the warrant requirement because procuring a warrant would be unfeasible, unreasonable, or impossible. 2 Search & Seizure § 4.1(b) (5th ed.).

**A.**

One of the most well recognized of these exceptions is the search incident to lawful arrest.[1] Under this exception, a law enforcement officer may conduct a search of the person being arrested and/or their immediate vicinity. *See*, *e.g.*, *Chimel v. California*, 395 U.S. 752 (1969). The purpose of this search is twofold: the safety of the officer, since the arrested individual may be secreting a weapon that can be used to resist detention; and the preservation of evidence, since the arrested individual may seek to destroy or dispose of any contraband on their person. *Id*. Here, Thomas alleges that the evidence from his prosthetic leg, thirty-five (35) grams of heroin, should be suppressed because it was not a valid search incident to arrest. The government contends that transporting Thomas to the police station prior to searching him and his leg does not vitiate the validity of the search incident to arrest that was conducted.

Indeed, the timing of a search of an arrested person does not affect the validity of the search. In *United States v. Robinson*, the Supreme Court held that "in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment." 414 U.S. 218, 235 (1973). In *Robinson*, the Supreme Court "held that the risks identified in *Chimel* are present in all custodial arrests . . . even when there is no specific concern about the loss of evidence or the threat to officers in a particular case[.]" *Riley v. California*, 134 S. Ct. 2473, 2477 (2014) (citing *Robinson*, 414 U.S. at 235-36) (internal citations omitted). If Thomas' prosthetic leg is to be considered part of his person, the search of the prosthesis did not run afoul of the Fourth Amendment.

---

[1] In his brief Thomas states that he was "searched incident to unlawful arrest." ECF No. 16, Def. Mot. Br. at 2. Thomas does not explain in his brief what made his arrest unlawful and does not challenge the validity of the warrant under which he was arrested.

If Thomas' prosthetic leg is not part of his person, but merely an effect, the analysis does not change. "Once a lawful arrest is made, the suspect and any 'effects in his possession at the place of detention that were subject to search at the time and place of his arrest may lawfully be searched and seized without a warrant even though a substantial period of time has elapsed between the arrest ... and the taking of the property for use as evidence.'" *United States v. Smith*, 549 F.3d 355, 360-61 (6th Cir. 2008) (quoting *United States v. Edwards*, 415 U.S. 800, 807 (1974)).

Even if Thomas' leg was not part of his person it still was not a container apart from his person and in the vicinity of Thomas at the time of arrest. Rather, it was a unique container attached to his person. His leg would still be no different than an article of clothing; still part of his person. The police have the discretion to conduct a search of an arrestee's person at the scene of arrest or, if the arrest is valid, once the arrestee is brought into custody and booked. *See United States v. Craig,* 198 F. App'x 459, 463 (6th Cir.2006) (holding that "[t]he fact that [defendant] was not thoroughly searched until he was booked is immaterial" to the lawfulness of the search.). Here, the search was initiated at the scene of arrest but the officers decided to stop the search and continue at the police station because searching Thomas at the scene would have involved him disrobing in order to access his prosthetic legs. ECF No. 20 at 2. Back at the police station, the officers continued the search of Thomas' legs and allowed him to remove the prosthetics himself. It was at that point that Thomas revealed there was a crack in his left prosthetic. *Id*.

A search incident to arrest, whether conducted at the time of arrest or at the time booking may still run afoul of the Fourth Amendment if it violates the Due Process Clause due to its "extreme or patently abusive characteristics." *United States v. Robinson*, 414 U.S. 218, 236

- 4 -

(1973) (citing *Rochin v. California*, 342 U.S. 165 (1952)). Thomas' description of the events around his search does not reflect that the search rose to this level of offensiveness. Thomas claims that "[t]he legs [sic] exterior was damaged and remains damaged by this search." ECF No. 16, Def. Mot. Br. at 2. The government, however, contends that "Thomas warned officers that [the prosthesis] was cracked and that they needed to be careful." ECF No. 20, Pl. Resp. Br. at 2. "Officers were able to observe that the prosthetic was cracked and that an area within the plastic molding could be accessed through the crack." *Id.* By removing the tape covering the crack the officers were able to access the interior cavity of the leg where they found the heroin in question. *Id.* at 2-3. Further supporting the reasonableness of this search is the manner in which the officers conducted the search of Thomas' legs. Waiting to bring Thomas to the police station rather than subjecting him to a potentially embarrassing strip-search in public and then possibly causing more damage to what Thomas admits was an already cracked prosthetic leg does not rise to the level of extreme or patent abuse contemplated by the Due Process Clause. Thomas' motion will be denied.

**B.**

Thomas also contends that an x-ray of his leg should have been performed and that it would not have produced the heroin. He offers no legal authority for the proposition that the officers were limited to an x-ray search of the leg and no factual authority for the proposition that an x-ray would not reveal the heroin. "The inevitable discovery doctrine, an exception to the exclusionary rule, allows unlawfully obtained evidence to be admitted at trial if the government can prove by a preponderance that the evidence inevitably would have been acquired through lawful means." *United States v. Kennedy*, 61 F.3d 494, 497 (6th Cir. 1995) (citing *Nix v. Williams*, 467 U.S. 431, 444 (1984)). "The government can satisfy its burden by showing that

routine procedures that police would have used regardless of the illegal search would have resulted in the discovery of the disputed evidence." *United States v. Ford*, 184 F.3d 566, 577 (6th Cir. 1999). Here, the government contends that it is routine procedure for individuals booked and lodged at Saginaw county jail to be subject to a full search by corrections officers. ECF No. 20, Pl. Resp. Br. at 5-6. This search would take place regardless of whether the individual is searched when first brought into custody, as Thomas was. Thus, Thomas would have inevitably been subject to this booking search during which the heroin in his leg would have been discovered.

### III.

Accordingly, it is **ORDERED** that Defendant Thomas' Motion to Suppress (ECF No. 16) is **DENIED**.


Dated: October 28, 2014                     s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 28, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS

---